UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA A.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. 2:20-cv-01427-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for further administrative proceedings.

I.    ISSUES FOR REVIEW

1. Did the ALJ err at step two of the sequential evaluation?
2. Did the ALJ err in finding that Plaintiff could perform her past work?
3. Did the ALJ provide clear and convincing reasons for discounting Plaintiff's testimony?
4. Did the ALJ properly evaluate the medical opinion evidence?

## II. BACKGROUND

Plaintiff filed claims for DIB and SSI on January 22, 2018, alleging in both applications a disability onset date of August 7, 2017. AR 17, 217-20. Plaintiff's claims were denied initially and upon reconsideration. AR 17, 142-50, 153-59, 160-66. ALJ M.J. Adams held a hearing on December 4, 2019. AR 34-69. On December 20, 2019, ALJ Adams issued a decision finding that Plaintiff was not disabled. AR 14-29. On July 21, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of ALJ Adams' December 20, 2019 decision. Dkt. 3.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, gastroesophageal reflux disease, neurocognitive disorder, depressive disorder, and somatic symptom disorder. AR 19-20. The ALJ also found that Plaintiff's shoulder condition, obesity, a ganglion cyst and hyperlipidemia were non-severe impairments. AR 20. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past relevant work; therefore the ALJ determined at step four of the sequential evaluation that Plaintiff was not disabled. AR 28-29, 60-65.

A.  <u>Whether the ALJ erred at step two of the sequential evaluation</u>

Plaintiff contends that the ALJ erred at step two of the sequential evaluation by finding her shoulder condition and her obesity to be non-severe impairments, and not considering the impact of these conditions on her residual functional capacity ("RFC"). Dkt. 14, pp. 3-5.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ's finding that Plaintiff's shoulder impairment had no more than a minimal effect on Plaintiff's ability to work is not supported by substantial evidence.

Plaintiff complained of pain and numbness in her left shoulder for several years, and during physical examinations, Plaintiff exhibited numbness, tenderness and limited range of motion with her left arm at the shoulder level, especially with respect to overhead reaching. AR 656, 658, 662, 713.

Imaging of Plaintiff's left shoulder taken during the period at issue revealed moderate left glenohurneral joint osteoarthritis, AC joint arthritis, probable bicep tendon rupture, and evidence of chronic rotator cuff pathology, including a full thickness supraspinatus tendon tear. AR 664-65, 724-25. Imagining of Plaintiff's cervical spine revealed moderate to severe cervical spondylosis with multilevel bilateral osseous neural foraminal stenosis. AR 668.

In assessing Plaintiff's RFC, the ALJ did not include any reaching limitations to accommodate Plaintiff's shoulder impairment, and did not include any such limitations in the hypotheticals posed to the vocational expert. When the RFC is incomplete, the hypothetical question presented to the vocational expert is also incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

The ALJ's decision to exclude reaching limitations from Plaintiff's RFC is not harmless. According to the Selected Characteristics of Occupations ("SCO"), a detailed companion volume to the Dictionary of Occupational Titles ("DOT") published by the US Department of Labor, the jobs cited by the ALJ at step four of the sequential evaluation, those of cleaner housekeeper and dietary aide, both require frequent reaching. *See* U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Part A (1993) at 132, 367; Appendix C.

Accordingly, the ALJ erred in evaluating Plaintiff's shoulder impairment at step two.

With respect to Plaintiff's obesity, any error in the ALJ's evaluation would be harmless, given that Plaintiff's residual functional capacity contains a range of work-

related physical limitations, and there is no evidence that Plaintiff's obesity would impose limitations beyond those already contained in the RFC. AR 22; *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (rejecting an invitation to find that the ALJ failed to account for a claimant's injuries "in some unspecified way" when the claimant did not detail what other limitations flow from the evidence of his injuries, beyond the limitations already listed in the RFC).

### B. Whether the ALJ erred in finding that Plaintiff could perform her past work

Plaintiff contends that the ALJ erred in finding that she could perform her past work at step four of the sequential evaluation. Dkt. 14, pp. 5-12.

At step four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from performing past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). If the ALJ finds that the claimant can perform past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. *Id.*

For the reasons discussed above, the ALJ's finding that Plaintiff could perform her past relevant work is not supported by substantial evidence.

### C. Other Issues

Plaintiff contends that the ALJ erred in evaluating the opinion evidence and by not providing clear and convincing reasons for discounting her symptom testimony. Dkt. 14, pp. 12-18. Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of Plaintiff's severe impairments may impact her assessment of the remaining evidence, the Court declines to consider whether the ALJ

erred with respect to the opinion evidence and Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh the evidence as necessary on remand.

D. <u>Additional evidence</u>

The record contains evidence submitted by Plaintiff after the ALJ issued her decision. AR 7-10. The Social Security Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not relate to the period at issue. AR 2.

The Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of a May 6, 2020 opinion from examining psychologist Ellen Walker, Ph.D., assessing Plaintiff as having a range of moderate and marked work-related mental limitations. AR 7-10. The ALJ shall evaluate this evidence as appropriate on remand.

E. <u>Remand for Further Proceedings</u>

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 14, p. 12. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Here, the ALJ must consider additional evidence and re-evaluate Plaintiff's severe impairments and her ability to perform her past work at steps two and four of the sequential evaluation.

Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to consider the additional evidence and to re-evaluate Plaintiff's severe impairments and her ability to perform her past work on remand.

Dated this 21st day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge